COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-098-CR

 

 

JOHN MANUEL CALDERON A/K/A                                          APPELLANT

JOHN M. CALDERON

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In a single point, appellant John Manuel Calderon
claims that the evidence is legally and factually insufficient to support his
conviction for retaliation.  We affirm.








On March 15, 2007, around six o=clock in
the morning, Arlington Police Officer Anthony ATony@ Crowsey
was patrolling eastbound on Park Row in Arlington, Tarrant County, Texas, when
he saw a tan Ford Explorer run the stop sign at a southbound crossing street
and fish-tail into the westbound lane. 
Officer Crowsey swerved from the inside lane of the four-lane roadway to
the outside lane, as it appeared the Explorer would swing wide into the
oncoming lane of traffic.  When the
Explorer passed, the officer executed a u-turn to get behind it, and the
Explorer accelerated before turning at the first right.  The Explorer sped through a residential
neighborhood, ran a second stop sign, and made a right-hand turn and then
immediately another right onto Randall Street, where it entered a driveway and
stopped.

Officer Crowsey had already activated his patrol
car=s
emergency lights, and he engaged the siren when he saw the Explorer run the
second stop sign.  He drove into the
driveway behind the Explorer and pulled the driver, appellant, out and to the
ground, handcuffed him, and identified him as appellant.  Officer Crowsey recognized appellant from
other calls in the area, but had never had any prior contact with him.








Initially, appellant was cooperative as he tried
to convince the officer to let him go, but when Crowsey placed him in the
patrol car for transport to jail, appellant=s
demeanor changed, and he became Avery
agitated@ and Avery
angry.@  Appellant began screaming that as soon as he
got out of jail, he was going to come looking for the officer and kill him and
his family.  Appellant continued making
threats, with increasing detail, during the entire five-to-six-minute ride to
jail.  Once they arrived, appellant
refused to exit the patrol car, and the officer resorted to pepper spray to
extract appellant from the car and move him into the jail.

At trial, a jury found appellant guilty of the
offense of retaliation, and after punishment evidence showed that appellant had
previously served a six-year prison term for attempted murder, the jury
assessed his sentence at eight years=
confinement.  The trial court sentenced
appellant accordingly.

On appeal, appellant challenges the legal and
factual sufficiency of the evidence to support the verdict.

In reviewing legal sufficiency, we consider all
the evidence in the light most favorable to the verdict and determine whether a
rational juror, based on the evidence and reasonable inferences supported by
the evidence, could have found the essential elements of the crime beyond a
reasonable doubt.[2]








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.[3]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.[4]  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.[5]

A person commits retaliation when he
intentionally or knowingly threatens to harm another by an unlawful act in
retaliation for or on account of the service or status of another as a public
servant.[6]








In the instant case, Officer Crowsey testified
that appellant began making threats when he was placed in the patrol car and
was told that he was going to go to jail. 
When viewed in the light most favorable to the verdict, we believe that
based on this testimony alone a rational juror could find beyond a reasonable
doubt that appellant threatened Officer Crowsey in retaliation for or on
account of the officer=s service as a public servant in
taking him to jail.[7]  Therefore, we hold that the evidence is
legally sufficient.

In challenging the factual sufficiency of the
evidence, appellant asserts (1) that the evidence shows that the officer and
appellant had a Aprior relationship@ because
the officer=s report identified appellant as
a Aknown
suspect,@ and (2)
that it is Ajust as likely@ that
appellant threatened the officer because he was angry at having been Ajerked
out of his vehicle and thrown to the ground@ as it
is that he made the threats on account of the officer=s
service or status as a public servant.








Officer Crowsey testified that although he had
recognized appellant from other calls in the area, he had not had any previous
contact with him, and that at the time he wrote the report, appellant was only
a Aknown@ suspect
because he had been identified. 
Appellant contends that this testimony indicates that the officer had
known appellant from the past and that, contrary to the officer=s denial
that he had had previous contact with appellant, they did indeed have a history
of contact that would lead to appellant making threats against the
officer.  We defer to the jury=s
determination of the weight to be given allegedly contradictory testimonial
evidence because the record does not clearly reveal that a different result is
appropriate.[8]

As to appellant=s
contention that it was Ajust as likely@ that
appellant threatened the officer because he was angry at the way in which the
officer extracted him from his vehicle and forced him to the ground, Officer
Crowsey testified that appellant did not begin making threats until after
he was arrested and told he was going to jail. 
We find that this evidence was not so weak as to render the verdict
unfair or manifestly unjust, nor was the evidence that appellant claims does
not support the verdict so overwhelming as to render the verdict unfair or
manifestly unjust.[9]

Having found the evidence legally and factually
sufficient, we overrule appellant=s sole
point and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim.
App. 2007).





[3]Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008) cert. denied, 129 S. Ct. 1037 (2009); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).





[4]Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.





[5]Watson, 204 S.W.3d at 417.





[6]Tex. Penal Code Ann. ' 36.06(a)(1)(A) (Vernon
Supp. 2008).





[7]See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Hooper, 214 S.W.3d at 13.





[8]See Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000).





[9]See Watson, 204 S.W.3d at 414B15, 417; Johnson,
23 S.W.3d at 11.